IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02251-BNB

JERRY D. GRADY & NATIVE AMERICANS AT B.V.M.C., et al.,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS AT BUENA VISTA CORRECTIONAL
    COMPLEX,
WARDEN GEORGE DUNBAR, and
EXECUTIVE DIRECTOR ARISTEDES ZAVARAS,

    Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 2 0 2007

GREGORY C. LANGHAM
    CLERK

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, Jerry D. Grady, is a prisoner in the custody of the Colorado Department of Corrections at the Buena Vista Minimum Center at Buena Vista, Colorado. Mr. Grady has filed *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that his rights under the United States Constitution have been violated. The court must construe the complaint liberally because Mr. Grady is representing himself. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be the *pro se* litigant's advocate. **See Hall**, 935 F.2d at 1110. For the reasons stated below, Mr. Grady will be ordered to file an amended complaint.

The court has reviewed Mr. Grady's amended complaint and finds that it is deficient. First, Mr. Grady may not assert claims on behalf of other inmates. A *pro se* litigant may not represent other *pro se* litigants in federal court, see 28 U.S.C. § 1654,

and is not an adequate class representative for a putative class action. *See Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000). Therefore, Mr. Grady may pursue only his own individual claims in this action.

The Court also finds that the complaint is deficient because it is not clear exactly who all of the Defendants in this action are. Although Mr. Grady lists only three Defendants in the caption of the complaint, he lists four Defendants in Section A of the complaint, the section that describes the parties to the action. Pursuant to Rule 10(a) of the Federal Rules of Civil Procedure, the names of all of the parties must be listed in the caption of the complaint.

In addition, the Court finds that the complaint is deficient because Mr. Grady fails to allege specific facts that demonstrate how each named Defendant personally participated in the asserted constitutional violations. Mr. Grady makes specific factual allegations regarding the actions of Barbara Holmes, an individual who is not even listed as a Defendant in the caption of the complaint. However, he fails to allege specific facts to demonstrate that the other named Defendants have violated his rights.

Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Grady must show that each Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant may not be held liable on

a theory of respondeat superior. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Therefore, Mr. Grady will be ordered to file an amended complaint. In order for Mr. Grady to state a claim in federal court, his amended "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Furthermore, Mr. Grady is advised that § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). Therefore, Mr. Grady should name as Defendants the persons he believes actually violated his constitutional rights. Accordingly, it is

ORDERED that Mr. Grady file **within thirty (30) days from the date of this order** an original and a copy of an amended complaint that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Grady, together with a copy of this order, two copies of the following form: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Grady fails to file an original and sufficient copies of an amended complaint that complies with this order to the court's satisfaction within the time allowed, the action will be dismissed without further notice.

DATED December 20, 2007, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-02251-BNB

Jerry Grady
Prisoner No. 93047
Buena Vista Minimum Center
PO Box 2005 - Unit C-1-8
Buena Vista, CO 81211

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 12/20/07

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk