IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02251-BNB

JERRY GRADY, a Native American,

    Plaintiff,

v.

BARBARA HOLMES, Faith/Volunteer an a officer of (CDOC),
WARDEN GEORGE DUNBAR,
MAJOR T. HAMILTON, Programs Manager, and
EXECUTIVE DIRECTOR ARISTEDES ZAVARAS,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 07 2008

GREGORY C. LANGHAM
CLER'

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

Plaintiff Jerry Grady is a prisoner in the custody of the Colorado Department of Corrections at the Buena Vista Minimum Center at Buena Vista, Colorado. Mr. Grady initially filed *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that his rights under the United States Constitution have been violated. On December 20, 2007, Magistrate Judge Boyd N. Boland ordered Mr. Grady to file an amended complaint that is limited to his own claims and that includes specific facts to demonstrate how each named Defendant personally participated in the alleged constitutional violations. On January 22, 2008, Mr. Grady filed an amended Prisoner Complaint.

Pursuant to 28 U.S.C. § 1915A, the Court is required to review the amended complaint because Mr. Grady is a prisoner and he is seeking redress from an officer or

employee of a governmental entity. Pursuant to § 1915A(b), the Court is required to dismiss the amended complaint, or any portion of the amended complaint, that is legally frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or in which he asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For the reasons stated below, the Court will dismiss the amended complaint in part as legally frivolous pursuant to § 1915A(b).

The Court must construe the amended complaint liberally because Mr. Grady is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the amended complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be the *pro se* litigant's advocate. *See id.*

Mr. Grady claims that his First Amendment right to practice his religion freely has been violated because he is unable to perform pipe ceremonies and participate in sweat lodges in violation of prison regulations allowing those religious practices. Mr. Grady specifically alleges that his religious rights have been violated by Defendant Barbara Holmes. In Section A of the amended complaint, the section that describes the parties to the action, Mr. Grady states that Defendants Warden George Dunbar, Major T. Hamilton, and Executive Director Aristedes Zavaras are in full support of

2

Defendant Holmes' actions. In the text of the amended complaint, Mr. Grady alleges that Defendant Holmes has discriminated against him by using officers like Defendants Hamilton and Dunbar. (*See* Am. Prisoner Compl. at unnumbered p. 11.) Mr. Grady makes one additional reference to Defendant Dunbar when he asserts that his complaint "comes from the top of the Buena Vista Correctional Complex, from Warden George Dunbar." (Am. Prisoner Compl. at unnumbered p. 7.) Mr. Grady does not mention Defendant Zavaras in the text of the amended complaint.

Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Grady must show that each Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

The Court finds that Mr. Grady's brief and vague references to Defendants Dunbar, Hamilton, and Zavaras do not demonstrate that any of those Defendants personally participated in the asserted violations of his constitutional rights. Therefore, the claims against Defendants Dunbar, Hamilton, and Zavaras will be dismissed for lack of personal participation. The Court will not address at this time the merits of Mr.

Grady's claims against Defendant Holmes. Instead, this action will be drawn to a district judge and to a magistrate judge. Accordingly, it is

ORDERED that the claims asserted against Defendants Warden George Dunbar, Major T. Hamilton, and Executive Director Aristedes Zavaras are dismissed pursuant to 28 U.S.C. § 1915A(b) as legally frivolous. It is

FURTHER ORDERED that Defendants Warden George Dunbar, Major T. Hamilton, and Executive Director Aristedes Zavaras are dismissed as parties to this action. It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this 7 day of February, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-02251-BNB

Jerry Grady
Prisoner No. 93047
Buena Vista Minimum Center
PO Box 2005 - Unit C-1-8
Buena Vista, CO 81211

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 2/7/08

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk